The opinion of the court was delivered by
Breaux, J.
A number of the creditors of the insolvent allege that he has made a fraudulent surrender of his property; has given undue preference to certain creditors to influence them to vote for the acceptance of his cession and for his discharge.
That after having settled with these favored creditors, at a given percentage on the dollar, they gave him their blank powers of attorney, which he caused to be filled in the name of persons as agents whom he knew would vote as he desired.
In their opposition the creditors who are opponents charge that he withheld from his cession, in addition to the cash, a stock of goods, wares and merchandise worth at least $1500, which in anticipation of his cession he caused to be moved from his store to another place in charge of another, to be disposed of by him as if for the account of the person interposed by the insolvent.
That he ordered bills of merchandise a few days before his surrender, upon receiving which he turned the goods over to the person selected by him, who sold them for his account surreptitiously.
That persons who were not his creditors voted, and that the illegal and fraudulent votes deducted, there did not remain the requisite number to accept the cession or grant a discharge.
The opponents allege .that all of the insolvency proceedings of C B. Andrus are utterly null and void because of said acts, and they *1069 pray that the order of court accepting the cession and all the insolvency proceedings, including the meeting of creditors and the acceptance of the cession, be annulled and avoided.
The insolvent answering denies that he made a fraudulent surrender ; that he gave an undue preference to any of his creditors; that he offered any inducement to any of them to influence their votes on his surrender and discharge; that he has any interest or control over the store kept by L. V. Major, or that he turned over goods to him to be sold for his account surreptitiously.
He avers that he acted in good faith in all matters of his surrender.
The ease was tried by jury, who found the verdict:
“We, the jury, find O. B. Andrus guilty of fraud in his cession.”
The judgment upon this verdict reads:
“It is by reason thereof, and the law and the evidence favoring same, now ordered, adjudged and decreed that the cession made by C. B. Andrus to his creditors be and the same is hereby declared fraudulent, and it is further ordered that the prayer of plaintiff to have said cession annulled in toto and set aside as not binding on said Andrus be and the same is refused, reserving to said plaintiff Ms right to try the right to such a decree in a proceeding in which all the creditors to be affected by it shall be made parties.”
From the judgment the opponents have appealed, and urge before this court the rescinding of the provisional order of the judge accepting the cession and the staying of the proceedings against the property of Andrus, and that all proceedings be quashed and annulled.
We will not review with particularity the evidence upon which the jury acted, for it is manifest their verdict is correct.
We do not understand that any attempt is made to reverse the finding of the jury. If there was any attempt made in that direction it would not be of any avail, for the testimony sustains the verdict as to the fraudulent character of the cession.
The acceptance of the cession by the creditors not being established by the affirmative vote of a numerical majority of the creditors having the right to vote, must fall; less than the required number of votes having been east in favor of accepting the cession.
By this failure to accept the cession the effect of the restraining order does not cease, and the property of the insolvent does not return to the possession of the insolvent.
If such were the results, the setting aside of a cession on the *1070 ground of fraud would have the effect of reinstating the insolvent debtor in the ownership of his property. He would gather benefits by his own fraud and misconduct.
The rights of creditors to have the property sold for their benefits would be lost to them, though a cession is a relinquishment by the debtor of his property to his creditors.
The duties of the provisional syndic as defined in the statutes are to keep as a deposit all the goods and other effects of the insolvent debtor which shall be delivered to him.
The restraining order preceding his appointment stays all the proceedings against the insolvent, who shall deliver all his goods, titles and claims mentioned in his schedule.
That order still stands; also the appointment of the provisional syndic must have effect until revoked.
In a recent decision we held:
“The plaintiffs are mistaken in the view of the situation. The very motive and object of bringing che creditors together were, through the vote taken at the meeting, to bring about a result binding on each and all, and in the supposed interest of the mass of the creditors. As said in Morgan vs. Nye, 14 An. 30, the vote of a single creditor is not a mere offer to make a new contract between the creditor and debtor, but is a quasi judicial act, by which the rights of other creditors are to be affected. In Anderson vs. Duson, 35 An. 917, this court of a respite said: ‘ The effect of the judgment is to create a judicial contract between the debtor and all his creditors, by which the debtor is allowed a delay for the payment of the sums which he owes them.’
“ As the debtor’s property is the common pledge of his creditors, and the contract is binding on all the creditors, the law did not and could not contemplate to confer on any one creditor the right of annulling the contract without judicial process on the ground of its alleged violation by the debtor and to proceed to apply the property thus restored to the possession of the debtor to the satisfaction of his individual debt.” Vicksburg Liquor and Tobacco Co. vs. Jeffries, 45 An.
We have quoted freely from this decision sustaining the rights of creditors of the insolvent and laying down as correct the principle that the same rules which govern ordinary contracts should be applied and that the creditors should be afforded an opportunity to be heard and their interests consulted before any change be made.
*1071 If the rights of the creditors could not be ignored in the case from which we have quoted, they require in the case at bar that the preliminary proceedings of insolvency shall not operate to their prejudice.
In case of accusation of fraud after having received the insolvent’s answer the court shall order a jury to be summoned for the purpose of deciding the accusation. R. S. 1802.
If fraud be found by the jury it does not per se result in rejecting the order of the judge accepting the surrender.
The agency of the court is to be applied in preventing or restrain- „ ing the fraud and should not abandon on account of the fraudulent acts of the debtor all attempts at protecting the rights of creditors. The insolvent debtor is deprived of the benefit of the law passed in favor of insolvent debtors.
He is barred from discharge and other protection offered to the debtor who makes a proper cession.
The statutory denunciation of fraud is limited in its effect to the debtor. The creditor is not exposed to loss or prejudice on the discovery of fraud.
The surrender is a statutory execution. Instead of exposing the insolvent debtor to the seizure and sale of his property at the instance of individual creditors, and thereby disposing of all his property and rights among contending creditors, the statute provides an execution; that the property shall be sold and the insolvent debtor’s estate settled en concurso.
His fraudulent acts, after the cession, affect him only. The insolvency proceedings remain for the benefit of the creditors.
“ The surrender of the property is a relinquishment that a debtor makes of all his property to his creditors.” C. O. 2170.
This surrender is not subject to defeat by the fraud of the insolvent.
The orders which have been issued remain and are not subject to collateral attacks.
They continue in their effect until rescinded contradictorily with all concerned. Those rights accruing to creditors by the effect of restraining orders can not be ignored.
The verdict and judgment are directed against the fraudulent acts charged, and leave the proceedings of insolvency unaffected thereby, and the property of the insolvent subject to such future actions as the creditors may see proper to take.
*1072 The judgment is responsive to the verdict. They are both directed against the fraudulent acts of the insolvent.
The action of the meeting of creditors, such as it was, is not final. Creditors having no right to vote participated. It was not a fair expression of the majority of the creditors in property and amount. Such a body, under the circumstances and the charges proved, has no authority to accept a cession or grant a discharge.
Other proceedings and at least one other meeting of creditors will have to be held in carrying out the object of the insolvency laws. Gumbel & Oo. vs. Andrews, 45, and Morris McGraw vs. O. B. Andrus, Oonsolidated, 45 An.
Judgment affirmed at appellants’ costs.